KOVACEVICH _v._ CHAMPION COPPER MINING CO.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—EVIDENCE—FILES IN FORMER CASE ADMISSIBLE.

In proceedings by parents under the workmen's compensation act for the accidental death of their son in defendant's employ, the files in the case of similar proceedings for the death of another son was admissible for the purpose of showing that contributions to plaintiffs, who lived

in a foreign country, alleged to have been contributed by the son for whose death compensation was sought in this case, was also claimed in the former case to have been contributed by the other son.[1]

2. SAME—AWARD SUSTAINED BY EVIDENCE.
Where the parents review an award to them of 50 cents a week for 300 weeks as partial compensation for the death of their son, on the theory that the amount is insufficient, and the proofs are very unsatisfactory but the evidence sustained the findings of the department of labor and industry, the award is affirmed.[2]

Certiorari to Department of Labor and Industry. Submitted April 8, 1925. (Docket No. 33.) Decided May 14, 1925.

Paul Kovacevich and another presented their claim for compensation against the Champion Copper Mining Company for the accidental death of their son in defendant's employ. From an order awarding compensation for an insufficient amount, plaintiffs bring certiorari. Affirmed.

E. F. Le Gendre, for appellants.

H. C. Schulte, for appellee.

SHARPE, J. The plaintiffs are husband and wife. On November 17, 1915, they resided in Austria. Two of their sons, Ralph and Dusan, had come to this country several years before, and had been working for the defendant company. Ralph was accidentally killed on March 7, 1915, and Dusan on November 17, 1915. After Ralph's death, a claim for compensation was made against the defendant, which resulted in an award of 50 cents per week for 300 weeks. After Dusan's death, a similar claim was presented. The deputy commissioner denied compensation. On

---

[1]Workmen's Compensation Acts, C. J. § 113 (Anno); [2]Id., C. J. § 127.

appeal, the commission found that plaintiffs were partial dependents on deceased and awarded them 50 cents per week for 300 weeks.    The plaintiffs here review this order by certiorari.

The commission had much difficulty in determining the questions presented on the proofs submitted.    This is evidenced by a letter written by the chairman to defendant's attorney, in which he says:

"We have been wondering if an award was made in this case as in the other, giving 50c per week, which would be $150 if it wouldn't be satisfactory to the respondent company and perhaps be along the line of equity.    It is so hard to separate the two cases and figure out in this case anything less or anything more than was implied in the other decision."

The testimony of the father was taken at his home. The testimony of both father and mother taken in the Ralph case was admitted over plaintiffs' objection. The difficulty of securing competent and reliable proof in cases such as this is well illustrated by the facts appearing in this record.    It is impractical for the employer to be represented by counsel when testimony is taken in a foreign country.    It is apparent that the contributions testified to by the father in this case included some, if not all, that he claimed to have received from Ralph.    The files in that case and the testimony of the father and mother then taken were, we think, admissible to show this fact.    No regular contributions were made by either of the brothers. It is more than probable under the proofs that the remittances made included their joint contributions.    It will serve no useful purpose to review the evidence submitted.    In our opinion it sustains the findings of the commission and the conclusion reached by it.

The order is affirmed.

McDONALD, C. J., and CLARK, BIRD, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.